IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Wesley L. Givens, | ) | Case No. 9:22-cv-03577-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Dir. Brian P. Stirling, Regional Director | ) | |
| Willie Davis, Sgt. Awtry, Sgt. Leary, | ) | |
| MHO Phillip, Lindsey Harris, Daniel | ) | |
| Harouff, Major Bennett, Warden Earlie, | ) | |
| Mr. Charles Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's two Motions for Temporary Restraining Order ("TRO"). ECF Nos. 33, 37. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On February 13, 2024, the Magistrate Judge issued a Report recommending that the Motions for TRO be denied. ECF No. 38. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.[1]

---

[1] As this case is ongoing, Plaintiff has filed other documents since the issuance of the Report. The Court has reviewed these documents and finds that they should not be considered as objections. *See* ECF No. 45, 51.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## CONCLUSION

Accordingly, upon review of the record, the Reports, and the applicable law for clear error, the Court agrees with the recommendation of the Magistrate Judge. Therefore, Plaintiff's Motions for TRO [33, 37] are **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 25, 2024
Spartanburg, South Carolina