IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Wesley L. Givens, | ) | Case No. 9:22-cv-03577-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dir. Bryan P. Stirling, Regional Dir. | ) | |
| Willie Davis, Sgt. Awtry, Sgt. Leary, | ) | |
| MHO Phillip, Lindsey Harris, Daniel | ) | |
| Harrouff, Major Bennett, Warden Earlie, | ) | |
| and Mr. Charles Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon allegations that Plaintiff's civil rights have been violated. ECF No. 27. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On December 20, 2024, Defendants filed a motion for summary judgment. ECF No. 82. Plaintiff filed no response. On May 14, 2025, the Magistrate Judge issued a Report recommending that the motion be granted in part and denied in part. ECF No. 105. The Magistrate Judge advised the parties of the procedures and requirements for filing

objections to the Report and the serious consequences for failing to do so. Defendants filed objections.[1] ECF No. 113.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Court first addresses Plaintiff's motions and document labeled as a response in opposition to the motion for summary judgment. ECF Nos. 107, 112, 115. In ECF No. 107, Plaintiff states that he would like to engage in mediation. This request is denied with

---

[1] Plaintiff has filed two motions for mediation and a document labeled as a response in opposition to the motion for summary judgment. ECF Nos. 107, 112, 115. These documents will be addressed below.

2

leave to refile in the event that any of his claims survive summary judgment. In ECF No. 112, Plaintiff lists six case numbers, addresses his concerns to Judge Cherry, and states that he has no access to the law library. He "kindly asks to move forward" with his cases. He also requests mediation. As to this request, as above, it is denied with leave to refile in the event that any of Plaintiff's claims survive summary judgment. Plaintiff has stated neither which deadlines he wants extended nor for how long. Further, his motion is dated July 7, 2025; this request is not timely as to any deadline of Plaintiff's. Accordingly, his motion for extension of time is denied.

In ECF No. 115, Plaintiff states that summary judgment is premature because he wants to conduct additional discovery. Plaintiff concedes that discovery has closed.[2] ECF No. 115-1. Indeed, discovery closed on October 6, 2024. ECF No. 64. The Court notes that on December 30, 2024, Plaintiff sought to depose C. Wesley Harkness, and on January 13, 2025, Plaintiff filed a motion for issuance of subpoena. ECF Nos. 86, 88. The Magistrate Judge issued text orders on January 15, 2025, stating that the discovery period closed on October 5, 2024, and denying Plaintiff's motions. ECF Nos. 90, 91. These are the only discovery-related motions by Plaintiff on the docket. To the extent Plaintiff now seeks to respond to the motion for summary judgment, he is well past his time to file a response and has offered no explanation as to why such a late document should be considered. To the extent Plaintiff intended this document as a reply to

---

[2] Plaintiff states that discovery closed on August 1, 2025, and that he received Defendants' motion for summary judgment on the same day. Defendants' motion was filed December 20, 2024, and there is no indication on the docket that discovery closed in 2025.

3

Defendants' objections, he has not addressed Defendants' objections and instead appears to make new arguments on behalf of himself.  This is inappropriate and will not be considered.  To the extent Plaintiff intends to object to the Magistrate Judge's orders dated January 15, 2025, he is also well beyond the time to do so.[3]  Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy.").  Even considering Plaintiff's pro se status and liberally construing all of his filings, his request for relief is denied.[4]

The Court next turns to the portions of the Report to which no party has objected.  The Magistrate Judge recommends granting Defendants' motion as to Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendants in their official capacities; Plaintiff's excessive force claims against Defendant Harouff; Plaintiff's claims against Defendants

---

[3] Even if Plaintiff's objections were timely, the Court has reviewed the Magistrate Judge's orders and finds that they are not clearly erroneous or contrary to law.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (explaining that when a party objects to a Magistrate Judge's pretrial order, the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law).  *See also United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008).

[4] To the extent Plaintiff intends to request that this Court defer its ruling, relief pursuant to Federal Rule of Civil Procedure 56(d) is inappropriate.  "Relief under Rule 56(d) is . . . broadly favored in this Circuit and should be liberally granted." *Jenkins v. Woodard*, 109 F.4th 242, 251 (4th Cir. 2024) (internal quotation marks omitted).  *See also Slusser v. United States*, No. 23-6677, 2025 WL 521301 (4th Cir. Feb. 18, 2025).  In assessing a Rule 56(d) request, a district court should consider whether the additional discovery sought would defeat the summary judgment motion, *Mey v. Philips*, 71 F.4th 203, 222–23 (4th Cir. 2023), and whether the party making the Rule 56(d) request was "dilatory in pursuing discovery," *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 246 (4th Cir. 2002).  Here, Plaintiff was certainly dilatory in pursuing discovery; further, he has not provided any information with respect to what discovery he is pursuing or how it would impact this action.  Accordingly, any such request is denied.

Stirling, Earlie, Williams, Davis, and Leary; and Plaintiff's claims against Defendants Phillip, Bennett, and Harris.  The Magistrate Judge also recommends finding that all Defendants except Defendant Awtry were entitled to qualified immunity.  Finally, the Magistrate Judge recommends granting Defendants' motion as to Plaintiff's state law claims against Defendants Stirling and Davis for excessive use of force, physical/sexual assault, and assault and battery; against all Defendants for negligence and sexual assault; and against all Defendants except Defendants Awtry and Harouff for assault and battery.  The Magistrate Judge determined that Defendant Harouff was entitled to immunity under the South Carolina Tort Claims Act.  No party has objected to these findings.  Accordingly, upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge.  Thus, the remaining claims are against Defendant Awtry for excessive force in violation of 42 U.S.C. § 1983 and state law claims for assault and battery.[5]

The Court now turns to the remainder of the motion, which it has considered de novo.  The Court notes the unusual procedural posture of this case: Plaintiff did not file a response to the motion for summary judgment, the attorney now representing Defendants was not the attorney who drafted the motion for summary judgment, and Defendants are now presenting new evidence in support of their objections.  In light of the seriousness of the allegations and the peculiar history of this case, the Court is of the opinion that

---

[5] The Court is of the firm opinion that Plaintiff's filings after the issuance of the Report should not be considered objections.  However, the Court would have reached the same conclusions with respect to these claims even if its review had been de novo.

5

allowing a full and complete motion for summary judgment to be fully briefed and analyzed in the first instance by the Magistrate Judge is the most appropriate action in this case. Accordingly, as to the remaining claims against Defendant Awtry, Defendant(s) are directed to file a supplemental motion for summary judgment, including all supporting documents available to them. The Court will not look kindly on any further attempts to present new evidence in objections without a full explanation as to why this information was not previously available to them. *See Rousselle v. Gov't of Honduras*, No. 2:25-CV-00539-RMG, 2025 WL 892551, at *2 (D.S.C. Mar. 24, 2025) ("[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." (quoting *Caldwell v. Jackson*, 831 F.Supp.2d 911, 914 (M.D.N.C. 2010) (alteration in original))). **The Court also takes this opportunity to warn Plaintiff that failure to file a timely response in opposition to Defendants' dispositive motion may result in dismissal of this action for failure to prosecute or comply with an order of the Court pursuant to Federal Rule of Civil Procedure 41(b).** Defendant(s) are directed to file such supplemental dispositive motion within 21 days.

## CONCLUSION

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees in part and respectfully declines to agree in part with the recommendation of the Magistrate Judge. Defendants' motion [82] is **GRANTED in**

**part and FOUND as MOOT in part** with leave to refile within 21 days.[6]  This matter is recommitted to the Magistrate Judge for further proceedings.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 26, 2025
Spartanburg, South Carolina

---

[6] Plaintiff's motions [107, 112] are **DENIED** without prejudice.